KELLUM, Judge, dissenting.
I believe that the circuit court's judgment should have been reversed on original submission and the cause remanded for the circuit court to dismiss Patrick Maurice Giles's second Rule 32, Ala. R. Crim. P., petition for postconviction relief, without prejudice, so that Giles could file separate petitions-one requesting an out-of-time appeal from the circuit court's dismissal of his first Rule 32 petition and one challenging his conviction and sentence.
Even if I agreed that a request for an out-of-time appeal is not a challenge to the underlying judgment from which the appeal is sought,[4] I cannot agree with the procedure this Court has adopted in this case for handling situations in which a postconviction petitioner, in a single petition, challenges a judgment of conviction and also seeks an out-of-time appeal from a different judgment (in this case, the dismissal of a previous Rule 32 petition). Although the path taken by the Court in this case appears to comply with the letter of Rule 32.1(f), which provides that "[a] petition that challenges multiple judgments entered in more than a single trial or guilty-plea proceeding shall be dismissed without prejudice," at least when read in light of the statement in Banville v. State, [Ms. CR-15-1384, March 17, 2017] --- So.3d ----, ---- (Ala. Crim. App. 2017) that a request for an out-of-time appeal is not a challenge to a judgment, I do not believe that it complies with the spirit of the law. The spirit of the prohibition in Rule 32.1(f) is to prevent a Rule 32 petitioner from raising claims in a single petition that relate to separate proceedings, as was done in this case. Allowing Rule 32 petitioners to raise claims in a single Rule 32 petition that relate to separate proceedings might lead to confusion, could result in a waste of scarce judicial resources, and will allow petitioners to avoid filing fees they otherwise would have been required to pay.
Therefore, I respectfully dissent.

In Banville v. State, [Ms. CR-15-1384, March 17, 2017] --- So.3d ----, ---- (Ala. Crim. App. 2017), this Court stated that a request for an out-of-time appeal from a conviction and sentence pursuant to Rule 32.1(f)"does not challenge the underlying conviction or sentence." I concurred only in the result in Banville, in part because of this language.